IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRIS WILDBUR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:21-cv-00212 |
| v. ) | |
| ) | JUDGE RICHARDSON |
| TROUSDALE COUNTY ) | |
| COMMISSIONER, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Chris Wildbur, an inmate at Trousdale Turner Correctional Center in Hartsville, Tennessee, filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and an inmate trust account statement (*id.* at 15–20). Plaintiff also filed a Motion for Leave to Amend (Doc. No. 2), a Motion for Class Action (Doc. No. 3), and a Motion to Comply (Doc. No. 4). The Complaint is before the Court for an initial review under the appropriate statutes.

**I.      Application to Proceed as a Pauper and Motion to Comply (Doc. No. 4)**

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff filed a copy of his trust account statement signed by an appropriate prison official (Doc. No. 1 at 15–20), which the Court construes as an application to proceed as a pauper. It appears that Plaintiff cannot pay the full filing fee in advance without undue hardship, so his application will be granted. In the Motion to Comply (Doc. No. 4), however, Plaintiff alleges that Trousdale Turner officials are denying inmates' requests for trust account statements. Because Plaintiff obtained a signed trust account statement and will be granted pauper status, this motion (Doc. No. 4) will be denied as moot.

**II.      Initial Review**

The Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); 42 U.S.C. § 1997e(c). The Court also must liberally construe pro se pleadings and hold them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A.      Factual Allegations**

Plaintiff alleges that, on an "almost daily" basis since arriving at Trousdale Turner Correctional Center in 2016, he has been led to and from the phones "at knifepoint or under the fear of harm" in an effort by gang members to force Plaintiff's family to pay for Plaintiff's safety. (Doc. No. 1 at 12.) As a result, Plaintiff or his family has paid a total of "over $250,000" to four different gangs at Trousdale Turner. (*Id.*) Plaintiff has also been hurt in the past if his family refused to pay, or if he reported this issue to staff members. (*Id.*)

Plaintiff alleges that Defendants—the Trousdale County Commissioner, CoreCivic, TDOC Commissioner Tony Parker, and Contract Monitor Chris Brun (*id.* at 2–3)—follow an "unspoken rule, policy or . . . custom" to "knowingly allow[]" gangs to "control or rule" Trousdale Turner. (*Id.* at 12.) Plaintiff alleges that CoreCivic, Acting Warden Byrd, and Trousdale Turner staff have been "repeatedly alerted" of the "violent acts against [Plaintiff] and others who are similarly situated," but that they "ignore or . . . cover up" them. (*Id.* at 12–13.) Plaintiff also alleges that Trousdale Turner staff is "inadequately trained." (*Id.* at 14.)

Plaintiff requests $250,000 to compensate for the gang payments, additional unspecified monetary damages, and a lifetime bar on being housed in CoreCivic facilities. (*Id.* at 21.)

2

Case 3:21-cv-00212   Document 6   Filed 04/14/21   Page 2 of 11 PageID #: 32

## B. Legal Standard

To determine whether the Complaint passes initial review under the applicable statutes, the Court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

## C. Analysis

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

### 1. Undeveloped Claims

As an initial matter, Plaintiff asserts two undeveloped claims. First, he asserts that Defendants violated his First Amendment rights (Doc. No. 1 at 3), but he does not explain the basis of this claim, and no First Amendment claim is apparent from Plaintiff's factual allegations. That is insufficient to state a claim. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citation omitted) ("A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory.").

Second, Plaintiff asserts that the application of Tennessee's "private prison contract laws" "directly caus[ed the] constitutional violations" alleged in the Complaint. (Doc. No. 1 at 13.)

3

Plaintiff does not name the particular law to which he is referring, though it appears that Trousdale Turner Correctional Center operates "pursuant to the County Correctional Incentives Act of 1981, Tenn. Code Ann. § 41–8–101, *et seq.*" *See Friedmann v. Corr. Corp. of Am.*, 310 S.W.3d 366, 378–79 (Tenn. Ct. App. 2009) (explaining that private prison facilities in Tennessee other than South Central Correctional Center operate under contracts with local governmental entities authorized by this statute). But Plaintiff's theory of liability under the County Correctional Incentives Act is unclear, and the Court is not required to "scrutinize [a] pro se complaint[] to determine whether there is a cause of action other than the one pleaded by the plaintiff that is more advantageous to him." *Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011). Accordingly, Plaintiff fails to state a claim under Tennessee's "private prison contract laws."

### 2. Eighth Amendment

Plaintiff also asserts a claim under the Eighth Amendment (as applied to the States through the Fourteenth Amendment). (Doc. No. 1 at 3, 13); *see Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008) (noting that the Eighth Amendment's bar on cruel and unusual punishments "is made applicable to the States by the Fourteenth Amendment"). He brings this claim against Defendants in their individual and official capacities (Doc. No. 1 at 2–3), and the Court will address each type of claim in turn.

#### a. Individual-Capacity Claims

First, the individual-capacity framework is not appropriate for Plaintiff's claim against CoreCivic. CoreCivic is a private entity. The analysis that "applies to a § 1983 claim against a private corporation" is the same as "the analysis that applies to a § 1983 claim against a municipality." *Buckles v. Jensen*, No. 3:17CV-P80-JHM, 2017 WL 3139571, at *2 (W.D. Ky. July 24, 2017) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996)). And a claim

4

against a municipality is analogous to an official-capacity claim. *See Essex v. Cnty. of Livingston*, 518 F. App'x 351, 354 (6th Cir. 2013) (citing *Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009)) ("[A]n official-capacity claim is merely another name for a claim against the municipality."). Accordingly, Plaintiff's claim against CoreCivic will be addressed alongside Plaintiff's official-capacity claims below, without reference to the individual-capacity framework.

As to the three individual Defendants, Plaintiff fails to allege personal involvement sufficient to state individual-capacity claims against them. In terms of individuals, Plaintiff sues the Trousdale County Commissioner, TDOC Commissioner Tony Parker, and Contract Monitor Chris Brun. To the extent that Plaintiff seeks to hold them personally liable as supervisors, "Section 1983 liability must be premised on more than . . . the right to control one's employees." *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "[T]he defendant supervisor must be found to have 'encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Essex*, 518 F. App'x at 355 (quoting *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)). This requires, at least, a showing that the supervisor "implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* (quoting *Phillips*, 534 F.3d at 543).

Here, Plaintiff alleges that CoreCivic, Acting Warden Byrd (who is not named as a Defendant), and unnamed Trousdale Turner staff (who have not been named as "John Doe" Defendants) have been "repeatedly alerted" of the "violent acts against [Plaintiff] and others who are similarly situated," but that they "ignore or . . . cover up" them. (Doc. No. 1 at 12–13.) That is not sufficient to allege that the Trousdale County Commissioner, Commissioner Parker, and Contract Monitor Brun encouraged or directly participated in any allegedly unconstitutional conduct. *See Essex*, 518 F. App'x at 355 (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751

5

(6th Cir. 2006)) (explaining that "failure to act will not suffice to establish supervisory liability" in the individual-capacity context). Accordingly, the Court concludes that Plaintiff fails to state an individual-capacity claim at this juncture.

### b. Official-Capacity Claims

Turning to Plaintiff's claims against CoreCivic and the three individual Defendants in their official capacities, "individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) Here, the Trousdale County Commissioner represents Trousdale County, while TDOC employees Tony Parker and Chris Brun represent the TDOC. The Court will address these claims in turn.

### i. CoreCivic

A prisoner may assert an Eighth Amendment claim based on prison officials' failure to protect him "from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). This claim has objective and subjective components. *Id.* The objective component requires Plaintiff to allege that "he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* (quoting *Farmer*, 511 U.S. at 833). The subjective component requires Plaintiff to allege that a prison official "acted with 'deliberate indifference' to inmate health or safety," *id.* (quoting *Farmer*, 511 U.S. at 834), meaning the official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 766–67 (quoting *Farmer*, 511 U.S. at 837). Additionally, to state a claim against a private entity like CoreCivic, Plaintiff must allege "'that a policy or custom' of [CoreCivic] 'was the moving force behind the deprivation of [Plaintiff's] rights.'" *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)).

Liberally construing the Complaint and accepting Plaintiff's allegations as true, the Court finds that Plaintiff satisfies the objective component of a failure-to-protect claim by alleging that gang members at Trousdale Turner have held him "at knifepoint or under the fear of harm" on an "almost daily" basis since 2016 in an ongoing effort to extort money from him. *See Street*, 102 F.3d at 815 (discussing *Farmer*, 511 U.S. at 842–43) (explaining that a showing of "a 'pervasive risk of harm' . . . is consistent with *Farmer*'s requirement of a showing of a 'substantial risk of serious harm'"). And Plaintiff satisfies the subjective component by alleging that the Defendants "knowingly allow[]" gangs to "control or rule" Trousdale Turner despite CoreCivic, Acting Warden Byrd, and Trousdale Turner staff's having been "repeatedly alerted" of the "violent acts against [Plaintiff]" and other inmates. Plaintiff's allegations in this regard may be slightly on the conclusory side without much factual matter to support the conclusions, but the Court is constrained to construe the Complaint liberally and thus give Plaintiff the benefit of the doubt at this stage in the proceedings.

But this gets Plaintiff only so far against CoreCivic. As noted above, Plaintiff must also adequately allege that a policy or custom of CoreCivic was the moving force behind the alleged deprivation of Plaintiff's constitutional rights. Plaintiff alleges two such policies or customs of CoreCivic, and he states a claim against CoreCivic based on the first but not the second. First, he alleges that there is an "unspoken rule, policy or . . . custom" to "knowingly allow[]" gangs to "control or rule" Trousdale Turner. That is sufficient to avoid sua sponte dismissal of this claim. *See Hughes v. Tenn. Dep't of Corr.*, No. 3:19-cv-00924, 2020 WL 470306, at *5 (M.D. Tenn. Jan. 29, 2020) (citing *Kuot v. Corr. Corp. of Am.*, No. 1:16-cv-00006, 2016 WL 1118204, at *6, 9 (M.D. Tenn. Mar. 22, 2016)) (declining to dismiss a prisoner's failure-to-protect claim against CoreCivic based on an allegation of "a de facto policy of allowing gang-affiliated inmates to

7

control the daily operations inside Trousdale Turner, in lieu of staffing the prison sufficiently to control its violent population"). Again, Plaintiff's assertions toe the line of being merely conclusory, but the Court again gives Plaintiff the benefit of the doubt and finds that Plaintiff has set forth factual matter (namely, the alleged great frequency and brazenness of the alleged gang activity and the alleged utter lack of a response from CoreCivic) sufficient to support a reasonable inference that CoreCivic has an unofficial policy or custom to turn the proverbial blind eye to such activity.

Second, Plaintiff alleges that Trousdale Turner staff is "inadequately trained." "[T]he existence of a policy of inadequate training or supervision" is one way to show the policy or custom necessary to impose liability on a private entity under Section 1983. *See Jackson v. City of Cleveland*, 925 F.3d 793, 828 (6th Cir. 2019) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). To impose liability for failure to train, however, Plaintiff must establish that: 1) CoreCivic's training program was inadequate for the tasks that prison officials must perform; 2) the inadequacy was the result of the CoreCivic's deliberate indifference; and 3) the inadequacy was closely related to or actually caused Plaintiff's injury. *Griffith v. Franklin Cnty., Ky.*, 975 F.3d 554, 583 (6th Cir. 2020) (quoting *Jackson*, 925 F.3d at 834). Because Plaintiff does not provide any facts from which these required showings reasonably could be inferred, he fails to state a claim against CoreCivic based on inadequate training.

In sum, liberally construing the Complaint as required, the Court concludes that Plaintiff states an ongoing Eighth Amendment failure-to-protect claim against CoreCivic based on its alleged de facto policy of knowingly allowing gang-affiliated inmates to control daily operations inside Trousdale Turner Correctional Center.

### ii. Trousdale County Commissioner

Trousdale County, like CoreCivic, can be liable under Section 1983 based only on an allegation that "a municipal policy or custom directly caused" a constitutional violation. *Hardrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). But Plaintiff does not allege that Trousdale County has control over the day-to-day operations of Trousdale Turner Correctional Center, and the County cannot be liable for the policy or custom of CoreCivic. *See Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) (citations omitted) (noting the distinction between a policy or custom of a municipality, and a policy or custom of a private contractor). Thus, Plaintiff fails to state a claim against Trousdale County, as represented by the Trousdale County Commissioner in his or her official capacity, and the County Commissioner will be dismissed as a party.

### iii. TDOC Commissioner Parker

The TDOC is an "agenc[y] of the state of Tennessee" that is "entitled to Eleventh Amendment immunity from suit for damages." *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 454 (6th Cir. 2012) (internal citations omitted). Thus, Plaintiff's request for monetary damages from TDOC Commissioner Parker in his official capacity will be dismissed.

However, Plaintiff also requests injunctive relief in the form of a lifetime ban on being housed in CoreCivic facilities. Under the *Ex Parte Young* doctrine, a plaintiff may "bring claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler v. Earley*, 865 F.3d 391, 412 (6th Cir. 2017) (citing *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008)). "To determine if *Ex Parte Young* applies, [the Court] 'need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'"

*Id.* (quoting *Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 616 (6th Cir. 2003)) (internal citation and quotation marks omitted).

Here, the Court has concluded Plaintiff states an ongoing Eighth Amendment failure-to-protect claim. And Plaintiff's request for a lifetime ban on housing him in a CoreCivic facility is a request for prospective relief. Accordingly, without making any representation regarding whether Plaintiff will ultimately receive this requested injunctive relief even if he ultimately does establish an Eighth Amendment violation, the Court will not dismiss this request as to TDOC Commissioner Parker in his official capacity at this time.

### III.  Motion for Leave to Amend (Doc. No. 2)

Plaintiff requests leave to amend "to cure any deficiencies in pleadings," and to add the former and current wardens of Trousdale Turner as Defendants "at a later date." (Doc. No. 2.) The first request is unclear. To the extent Plaintiff is seeking leave to amend to avoid sua sponte dismissal of this action, that is unnecessary (for the reasons stated above). To the extent Plaintiff is seeking leave to amend for some other reason, including to add certain Defendants, Plaintiff is still within the window of time in which he may amend the Complaint once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1) (setting forth the time in which a party may amend its pleading without the opposing party's written consent or the Court's leave). Accordingly, this motion (Doc. No. 2) will be denied without prejudice.

### IV.  Motion for Class Action (Doc. No. 3)

Plaintiff requests that the Court "classify" this and two other cases as a "class action" because they include substantially similar claims. (Doc. No. 3 at 1.) One case was filed at the same time as this one by Trousdale Turner inmate Colin Savage. *See Savage v. Trousdale Cnty. Comm'r, et al.*, No. 3:21-cv-00212, Doc. No. 1 (M.D. Tenn. Mar. 15, 2021). The other was filed more than

a year ago by Trousdale Turner inmate Martin Hughes. *See Hughes v. Tenn. Dep't of Corr., et al.*, No. 3:19-cv-00924, Doc. No. 7 (M.D. Tenn. Dec. 5, 2019). Each Complaint and Motion in these cases was signed by the named (pro se) plaintiff but drafted by Hughes. (Doc. No. 1-1); *Savage*, No. 3:21-cv-00212, Doc. No. 1 at 10. However, "pro se prisoners cannot adequately represent a class." *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003) (citing *Flymbo v. State Farm Firm & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000)). Accordingly, this motion (Doc. No. 3) will be denied.

**V.     Conclusion**

For these reasons, Plaintiff will be granted pauper status, his Motion for Leave to Amend (Doc. No. 2) will be denied without prejudice, his Motion for Class Action (Doc. No. 3) will be denied, and his Motion to Comply (Doc. No. 4) will be denied as moot. The Court concludes that Plaintiff states an arguably non-frivolous Eighth Amendment failure-to-protect claim against CoreCivic. This claim, along with Plaintiff's request for injunctive relief from TDOC Commissioner Parker in his official capacity, will be referred to the Magistrate Judge for further proceedings consistent with the accompanying Order. All other claims and Defendants will be dismissed.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE