IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| CHRIS WILDBUR<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 3:21-cv-212<br>) Chief Judge Crenshaw/Frensley |
| CORECIVIC, INC., ET AL.<br>    Defendants. | )<br>) |

## REPORT AND RECOMMENDATION

### BACKGROUND

By Order April 14, 2021, (Docket No. 7), the Court referred this action to the undersigned magistrate judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Chris Wildbur ("Plaintiff") is an inmate with the Tennessee Department of Correction confined at the Trousdale-Turner Correctional Center ("TTCC") in Hartsville, Tennessee. On March 15, 2021, he filed this pro se and in forma pauperis lawsuit under 42 U.S.C. § 1983, seeking relief against prison official based on allegations that his constitutional rights were violated at the TTCC. Upon initial review, the Court found that the Plaintiff stated an arguable non-frivolous Eighth Amendment failure to protect claim against CoreCivic. Docket No. 6. This claim, along with his claim for injunctive relief from the TDOC Commissioner in his official capacity were allowed to proceed. *Id.* Pursuant to the April 14, 2021, Order, the clerk mailed to Plaintiff two service packets which he was to complete and return to the clerk's office within 30 days so that that process could issue on the case. Docket No. 7. To date, the Plaintiff has not returned the completed service packets or otherwise made any type of response to the April 14, 2021 order.

The docket for the case indicates that Plaintiff has had no contact with the Court or made any filings since the filing of the initial Complaint on March 15, 2021. Docket No. 1

Rule 4(m) requires that the defendants be served with process within 90 days of the date this action was filed and provides that, in the absence of a showing of good cause by the plaintiff for why service has not been timely made, the Court "must dismiss" the action without prejudice. Because the Defendants in this case have not been served with process within tughe time period set out in Rule 4(m), this action should be dismissed.

It is also well settled that Federal trial courts have the inherent power to manage their own dockets, *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1961), and Rule 41(b) of the Federal Rules of Civil Procedure permits the Court to dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff. *See Carter v. City of Memphis, Tennessee*, 636 F. 2d 159, 161 (6th Cir. 1980). Plaintiff's failure to return service packet as directed or otherwise take any action in this case for over nine (9) months indicates that he has lost interest in prosecuting this case.

For the reasons set forth herein, the Court respectfully recommends this action be **DISMISSED WITHOUT PREJUDICE** in accordance with Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure.[1]

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said

---

[1] This Report and Recommendation provides notice to Plaintiff of the Court's intention to *sua sponte* dismiss the action, and the fourteen-day period for filing objections provides him with the opportunity to show good cause why the action should not be dismissed.

objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**